IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Don Powell,<br><br>              Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>              Respondents. | No. CV-14-02043-TUC-RM (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Stephen Powell, presently incarcerated at the Arizona State Prison-Central Unit, in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the Petition (Doc. 1) and Respondents' Answer (Doc. 13). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the Petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

Powell pled guilty in the Superior Court of Pima County to one count of sexual abuse of a minor in the second degree, and two counts of luring a minor for sexual exploitation. (Doc. 13, Exs. E, F.) On April 29, 2013, he was sentenced to consecutive prison terms of 4 years and 3.5 years for the luring of a minor convictions, followed by 15 years probation on the sexual abuse conviction. (*Id.*, Ex. G.)

Powell filed a Notice of Post-conviction Relief (PCR) and was appointed counsel. (*Id.*, Exs. I, J.) Counsel filed a notice with the PCR court that he had not found any claims for relief to raise in a PCR petition. (*Id.*, Ex. K.) Powell was granted time to file a pro se petition, but did not do so and the case was dismissed. (*Id.*, Ex. M.)

## DISCUSSION

Powell raises four claims in his Petition. Respondents contend that the claims are either not cognizable or procedurally defaulted. Powell concedes that he did not raise any of the claims before the Arizona Court of Appeals but asserts this was the fault of his PCR counsel.

**Principles of Exhaustion and Procedural Default**

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

In Arizona, a pleading defendant's route to exhaust federal constitutional claims is through a PCR proceeding. A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically"

exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

**Procedural Default Analysis**

In Claim 1, Powell alleges the indictment was multiplicitous, which violated the Double Jeopardy Clause. In Claim 2, Powell alleges ineffective assistance of counsel (IAC) at trial and in his PCR proceeding. In Claim 3, Powell alleges he was unlawfully induced to plead guilty, because the prosecutor and his counsel misinformed him regarding the potential range of sentences if he were convicted on all six counts. In Claim 4, Powell alleges he was denied the right to due process based on the allegations set forth in Claims 1, 2, and 3.

As acknowledged by Powell, none of these claims were fairly presented to the Arizona Court of Appeals. (Doc. 1 at 6-9.) If Powell were to return to state court now to litigate these claims, they would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because they do not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Therefore, Claims 1 through 4 are technically exhausted but procedurally defaulted.[1]

---

[1] Ineffectiveness of counsel on a collateral state post-conviction proceeding is not a ground for relief in a habeas case pursuant to § 2254. *See* 28 U.S.C. § 2254(i). Therefore, Respondent argues the portion of Claim 2, alleging IAC on PCR, is not cognizable. However, in Arizona, a PCR of-right proceeding for a pleading defendant is a form of direct review. *Summers v. Schriro*, 481 F.3d 710, 716-17 (9th Cir. 2007). Because it is not a collateral proceeding, it may not be barred by § 2254(i). However, the Court need not reach this question because the claim is defaulted. Similarly, Claim 4 is merely a restatement of the other claims and so vague that it does not state a claim. Again, the Court need not rely on this ground in light of the procedural default.

**Cause and Prejudice**

In his Petition, Powell argues that his failure to raise Claims 1-4 to the Arizona Court of Appeals was the fault of his PCR counsel. Constitutionally ineffective assistance of counsel can constitute cause to excuse a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Although there is not a constitutional right to counsel in a collateral proceeding, a PCR of-right proceeding for a pleading defendant is a form of direct (not collateral) review. *Summers v. Schriro*, 481 F.3d 710, 716-17 (9th Cir. 2007). The Supreme Court recognizes that a defendant has a constitutional right to appointed counsel on the first appeal of-right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). And, Arizona recognizes that a pleading defendant, such as Powell, is constitutionally entitled to effective assistance of counsel on the PCR of-right proceeding, which is the only opportunity for appellate review. *Osterkamp v. Browning*, 250 P.3d 551, 556, 226 Ariz. 485, 490 (App. Ct. 2011). Therefore, ineffective assistance of PCR counsel for a pleading defendant may constitute cause for procedural default.[2] *See Ramon v. Ryan*, No. CV 09-560-TUC-CKJ (BPV), 2010 WL 3564819, *11 (D. Ariz. July 23, 2010); *see also Zurawski v. Schriro*, No. CV 07-8064-PCT-EHC (MEA), 2008 WL 2559405, *13 n.7 (acknowledging a right to effective assistance of PCR counsel for a pleading defendant in Arizona).

Before ineffectiveness may be used to establish cause for a procedural default, it must have been presented to the state court as an independent claim. *Murray v. Carrier*, 477 U.S. 478, 489 (1986). Arizona provides for a timely second PCR petition to raise

---

[2] Respondents acknowledge that ineffective assistance of PCR counsel may operate as cause for a claim that trial counsel was ineffective. For this proposition, they rely on the recent case of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), which created this narrow exception for a defendant that was convicted at trial and not constitutionally entitled to counsel for a collateral PCR proceeding. Because Powell was convicted by way of plea, his first PCR proceeding was his first appeal of right and operated as a direct review, analogous to an appeal. Because his PCR proceeding was not a collateral one, *Martinez* is distinguishable. Powell was entitled to constitutionally effective counsel for his PCR of-right proceeding, therefore, he can rely upon counsel's alleged ineffectiveness as cause for all of the claims not just trial IAC.

ineffective assistance of PCR counsel on a first of-right petition.[3] *See Osterkamp*, 250 P.3d at 556-57, 226 Ariz. at 490-91. Petitioner did not file a second PCR petition and never raised a claim about his PCR counsel. Ineffectiveness claims regarding PCR counsel are now foreclosed in state court by Arizona Rule of Criminal Procedure 32.2(a)(3) and 32.4(a). Because the Arizona state courts have not had a fair opportunity to rule on Petitioner's ineffectiveness claim alleged as cause, and Petitioner may not exhaust these claims now, they are technically exhausted but procedurally defaulted. *See Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at 735 n.1. Therefore, Petitioner's allegations of ineffective PCR counsel cannot constitute cause to excuse the defaults. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (ineffective counsel as cause can itself be procedurally defaulted).

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus because all of the claims are procedurally defaulted.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district

---

[3] This exhaustion requirement is not applicable to cause based on *Martinez*. *See Dickens v. Ryan*, 740 F.3d 1302, 1322 n.17 (9th Cir. 2013) (en banc). This makes sense because, for a trial-convicted defendant, there is no procedural avenue to raise ineffective assistance of PCR counsel. In contrast, Arizona provides a procedural avenue to exhaust a claim that PCR of-right counsel was ineffective. *See* Ariz. R. Crim. P. 32.4(a). Because a PCR of-right proceeding is analogous to a direct appeal, and ineffective assistance of appellate counsel as cause must be exhausted, *see Edwards v. Carpenter*, 529 U.S. 446, 453 (2000), the Court finds that ineffectiveness of PCR counsel must be exhausted before it can serve as cause. *See Ramon*, 2010 WL 3564819, at *11.

court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-14-2043-TUC-RM**.

        Dated this 7th day of January, 2015.

D. Thomas Ferraro
United States Magistrate Judge