# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Don Powell,  <br>  Petitioner,  <br> v.  <br> Charles L Ryan, et al.,  <br>  Respondents. | No. CV-14-02043-TUC-RM  <br> **ORDER** |

Pending before the Court is a Report and Recommendation (Doc. 14) issued by Magistrate Judge D. Thomas Ferraro. After an independent review of the record, this Court instructed Respondents to file a supplemental brief addressing how and whether the apparent lack of notice to Petitioner of the necessary state procedures should affect this Court's analysis. Respondents have filed their Supplemental Brief (Doc. 16).

## I.   *Background*

Petitioner pled guilty in the Arizona Superior Court in Pima County on March 14, 2013 and received a sentence of seven and one-half-years on April 29, 2013. The trial court informed Petitioner during his change of plea hearing that although Petitioner was forfeiting his right to a direct appeal by pleading guilty, he could "file a petition for post[-]conviction relief, but that petition [would be resolved by the trial court]." (Doc. 13-1 at 50.) The trial court further informed Petitioner that if it denied Petitioner's request, "the Court of Appeals [would] not have to hear [his] case beyond that." (Doc. 13-1 at 50-51.) During Petitioner's sentencing, the trial court again informed Petitioner that he had "the

right to challenge [the trial court's] decision, but [that] if [he] want[ed] to do so, [he] must do so within 90 days from [the date of sentencing]." (Doc. 13-2 at 1-11.)

On May 13, 2013, Petitioner timely filed a Notice of Post-Conviction Relief ("PCR"). (*See* Doc. 13-2 at 13-16.) On May 20, 2013, the trial court appointed Petitioner counsel and set a schedule for the proceeding. (*See* Doc. 13-2 at 21-22.) On August 29, 2013, Petitioner's PCR counsel filed a Notice indicating he was unable to find any claims that "Petitioner wished to pursue" and counsel therefore would not file a petition for PCR. (Doc. 13-2 at 24-25.) Counsel also stated that he informed Petitioner that Petitioner could file a petition *pro se* and requested that the trial court allow Petitioner an additional forty-five days in which to do so. (*See* Doc. 13-2 at 25.) The trial court granted this request on August 29, 2013. (*See* Doc. 13-2 at 27.)

On October 23, 2013, the trial court issued an order denying and dismissing Petitioner's PCR proceeding on the basis that Petitioner had not filed a *pro se* petition. (*See* Doc. 13-2 at 30.)

On April 23, 2014, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 in this Court. In his Petition, Petitioner raised four grounds for relief: (1) the indictment against him was multiplicitous and thus violated the Double Jeopardy Clause; (2) he received unconstitutionally ineffective assistance of counsel from both his trial and PCR counsel; (3) he was unlawfully induced into pleading guilty by his trial counsel and the state prosecutor; and (4) he was denied due process by each of the foregoing claims. (*See* Doc. 1 at 6-9.) Petitioner concedes that he did not present any of these claims to the necessary state courts. (Doc. 1 at 6-9.) He explains that the reason for this failure was that his PCR counsel informed him that he had "no colorable claims which would entitled [him] to post-conviction relief." (Doc. 1 at 6-9.)

Respondents filed an Answer arguing Petitioner's grounds for relief were not cognizable and were procedurally defaulted. (*See* Doc. 13.) Respondents first argued that Petitioner's ineffective assistance of PCR counsel claim was not cognizable because (1) Petitioner had no constitutional right to effective counsel during his PCR proceeding;

(2) Arizona does not recognize claims challenging the effectiveness of PCR counsel; and (3) Congress explicitly precluded such claims from habeas relief. Respondents further argued that the basis for Petitioner's claim was improperly vague and conclusory. Respondents next argued that each of Petitioner's four grounds for relief was procedurally defaulted. Lastly, Respondents contended that Petitioner could not satisfy the "cause and prejudice" standard that would excuse his procedural default. The Government based this argument on the theory that Petitioner had no constitutional right to effective PCR counsel and that the indictment was not in fact multiplicitous. Respondents did not otherwise address the substance of Petitioner's claims.

## II.     Report and Recommendation

Judge Ferraro found that Petitioner's failure to present his claims to the Arizona courts rendered them technically exhausted, but procedurally defaulted. (*See* Doc. 14 at 3.) Judge Ferraro correctly acknowledged that Petitioner was in fact constitutionally entitled to effective assistance of counsel during his PCR proceeding because it was an "of right" proceeding. (*See* Doc. 14 at 3 n.1, 4 n.2.) *See also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Osterkamp v. Browning*, 250 P.3d 551, 556 (Ariz. Ct. App. 2011). Judge Ferraro next considered whether the Petition provided a basis for finding sufficient cause and prejudice to excuse Petitioner's default. (*See* Doc. 14 at 4.)

The Supreme Court has long held that a petitioner may obtain federal review of his defaulted claims if he can show sufficient cause for the default and prejudice from the alleged error. *See, e.g.*, *Wainwright v. Sykes*, 433 U.S. 72, 82-85, 87-88 (1977); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

Judge Ferraro determined that a claim of constitutionally deficient assistance of counsel is sufficient cause to excuse a procedural default. *Murray*, 477 U.S. at 488. However, an ineffective assistance of counsel claim must itself be presented to a state court before serving as cause for failure to present other claims. *Id.* at 489. In the case of a pleading defendant who waives his right to a direct appeal, Arizona requires the

defendant to initiate two PCR proceedings. The first, to allege any grounds for relief stemming from the pre-conviction proceedings, and the second—unmentioned by the trial court when explaining Petitioner's possible post-conviction relief options—to allege that the attorney appointed in the first PCR proceeding was constitutionally ineffective. *See Osterkamp*, 250 P.3d at 556-57. Judge Ferraro concluded that because Petitioner failed to raise the claim that his first PCR counsel was ineffective in a second PCR proceeding, that claim was defaulted and could not serve as cause for the default of Petitioner's other claims.

### *III. Discussion*

"Arizona's Constitution guarantees criminal defendants 'the right to appeal in all cases.'" *Summers v. Schriro*, 481 F.3d 710, 714-15 (9th Cir. 2007) (quoting Ariz. Const. art. 2, § 24)). Defendants who plead guilty, however, waive the right to the standard appellate review. Ariz. R. Crim. P. 17.1(e). To comply with the Constitution's requirement that appellate review be available to all criminal defendants, Arizona amended its rule governing PCR proceedings to provide an "of-right" proceeding for pleading defendants. *Summers*, 481 F.3d at 715 (citing *Wilson v. Ellis*, 859 P.2d 744, 746 (Ariz. 1993) (en banc)); Charles R. Krull, *Eliminating Appeals from Guilty Pleas*, Ariz. Att'y, Oct. 1992, at 34-35); *see* Ariz. R. Crim. P. 32.4(a). This "of-right" proceeding is the functional equivalent of a convicted defendant's direct appeal, and thus, is not considered a collateral proceeding. Defendants are constitutionally entitled to effective assistance of counsel in the "of-right" proceeding. Arizona provides a second PCR proceeding for the specific purpose of allowing a pleading defendant to present a claim that his "of-right" PCR counsel was ineffective. *See Osterkamp*, 250 P.3d at 557-58. A petitioner must raise his claim of ineffective assistance of his "of-right" PCR counsel in this second proceeding to comply with the exhaustion and federalism requirements that limit federal review to those claims that have been properly presented to the relevant state courts. *See id.* at 556-57.

This case presents an unusual situation of compounded procedural defaults. First,

Petitioner defaulted his claims of trial-court errors by not raising them in a *pro se* petition during his first "of-right" PCR. This default could be excused by Petitioner's claim that his PCR counsel was ineffective (with a showing of prejudice). But, Petitioner defaulted *that* claim by not raising it in the required second PCR. For this Court to have authority to review Petitioner's claims, he must have sufficient cause and prejudice for both defaults.[1]

### A. Procedural Default of Ineffective Assistance of PCR Counsel
#### 1. Cause for Procedural Default

In the many cases discussing procedural default, the Supreme Court has declined to create a list of incidents that are sufficient to serve as "cause" for a procedural default. *See, e.g.*, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) ("We leave open for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard"); *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (declining to "attempt[] an exhaustive catalog of. . . objective impediments to compliance with a procedural rule" that would warrant a finding of "cause"). Rather, the Court has set forth a broad standard: "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. In applying this standard, the Court has concluded that the violation of a petitioner's constitutional right was a sufficient "external factor" to serve as cause for a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 754 (1991) (the fact that the incident petitioner alleges is "cause" for his default "constitutes a violation of petitioner's right to counsel," renders it a sufficient "external factor").

This Court finds that a constitutional violation has occurred in Petitioner's case to

---

[1] The Supreme Court has stated that a court may excuse the procedural default of a claim that serves as cause for another procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("To hold, as we do, that an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted is not to say that that procedural default may not *itself* be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim." (emphasis in original)).

- 5 -

1 warrant a finding of cause for the procedural default of his ineffective assistance of PCR counsel claim. "The essential requirements of procedural due process are reasonable notice and an opportunity to be heard." *Willie G. v. Arizona Dep't. of Econ. Sec.*, 119 P.3d 1034, 1038 (Ariz. Ct. App. 2005). Accordingly, "due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights." *Wolfe v. Randle*, 267 F. Supp. 2d 743, 747 (S.D. Ohio 2003) (citing *Peguero v. United States*, 526 U.S. 23, 26-27 (1999) (finding constitutional error where trial court did not advise pleading defendant of his appellate rights)).

Here, the record demonstrates that Petitioner was only informed of the first component of his appellate rights. That is, he was never told that he was entitled to—and would be required to—initiate a second PCR proceeding after the first was dismissed. This omission violated Petitioner's rights to procedural due process and is sufficient cause for the default of the claim that his PCR counsel was ineffective.

### 2. *Prejudice Resulting from Defaulted Claim*

Next, the Court must consider whether Petitioner suffered any prejudice as a result of the violation he wishes the Court to consider, that is, that his PCR counsel was ineffective. To show prejudice, Petitioner must allege that his PCR counsel's ineffectiveness "worked to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Wainwright*, 433 U.S. at 91; *Coleman*, 501 U.S. at 752-57. The Petition contains such allegations. If Petitioner's PCR counsel would not have advised him that he had no viable claims, Petitioner would have filed a petition for relief and had his claims reviewed. Instead, the state court dismissed Petitioner's case without reviewing the merits. Because Petitioner cannot now return to seek state review of these claims, he has lost the right to his "of-right" appellate review and has been prejudiced.

. . .

. . .

. . .

### B. Procedural Default of Habeas Petition Claims

Having found that the default of Petitioner's claim of ineffective assistance of PCR counsel can be excused, the Court now turns to whether that ineffective assistance of PCR counsel claim can serve to excuse the procedural default of his habeas Petition claims.

#### 1. Cause for Procedural Default

The Supreme Court has set specific standards for any petitioner seeking to use a claim of ineffective assistance of counsel as cause for a procedural default. The petitioner must first allege that his PCR counsel was deficient according to the standards established in *Strickland v. Washington*, 466 U.S. 668 (1984). That is, he must allege enough facts to indicate that his PCR "counsel's representation fell below an objective standard of reasonableness," and that there is a "reasonable probability that, but for his counsel's [] error, the result of the proceeding would have been different." *Id.* at 695. Second, the petitioner must demonstrate that the underlying claim of ineffective assistance of trial counsel is substantial, or "has some merit." *Martinez v. Ryan*, 132 S.Ct. 1309, 1318 (2012). Because whether Petitioner's PCR counsel's representation can be said to fail the *Strickland* test depends, in part, upon whether there is a substantial claim that Petitioner's trial counsel was ineffective, this Court addresses the claims against Petitioner's trial counsel first.

##### a. Substantial Claim of Ineffective Assistance of Trial Counsel

Petitioner's habeas Petition offers two grounds to support his claim that his trial counsel was ineffective: (1) trial counsel failed to challenge Petitioner's indictment as multiplicitous; and (2) trial counsel misinformed Petitioner about the range of sentences Petitioner could face if convicted of the six charges brought against him, and thus improperly induced Petitioner to plead guilty.

. . .

. . .

. . .

### *i.     Multiplicitous Indictment*

Petitioner alleges the Arizona indictment was multiplicitous because it charged him with four counts of molestation of a child and two counts of luring a minor for sexual exploitation.[2]  (*See* Doc. 1 at 6.)  Petitioner also implies that the conduct for which he was charged in the six counts was the same conduct, and the state improperly "divided the timespan" in order to obtain a true bill for all six counts.  (*See* Doc. 1 at 6.)

"An indictment is multipicitious if it charges a single offense in more than one count."  *United States v. Awad*, 551 F.3d 930, 937 (9th Cir. 2009).  Where a challenged indictment charges the same conduct under different statutes, courts must apply the test detailed in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), and determine if the statutes have the same elements.  *United States v. Zalapa*, 509 F.3d 1060, 1062 n.1 (9th Cir. 2007).  If, however, the challenged indictment charges the same conduct under the same statute, courts are instead tasked with determining what Congress intended to be an "allowable unit of prosecution."  *Id.* at 1062.

The indictment brought against Petitioner charges six offenses under four different statutes.  However, without needing to apply either of the aforementioned tests, it is clear that "a single offense" is not charged more than once.  Each count brought against Petitioner was for a distinct act, committed on separate occasions, against two victims.  (*See* Doc. 13-1 at 17-18; *see supra* p. 6 n.1.)  While there are two sets of counts that allege violations of the same statute, the underlying offense conduct is distinct.  (*See* Doc. 13-1 at 17-18, 23-29.)  Further, looking at the four statutes the indictment alleges Petitioner violated, each has separate and distinct elements.  *Compare* Ariz. Rev. Stat. § 13-1404, *with* Ariz. Rev. Stat. § 13-1405, *and* Ariz. Rev. Stat. § 13-1410, *and* Ariz. Rev.

---

[2] Petitioner's characterization of the indictment is inaccurate.  The indictment lists the following six counts: (1) sexual conduct with a minor under fifteen by way of digital penetration of Victim 1 at some time between February and March 2011; (2) sexual abuse of a minor under fifteen by way of touching Victim 1's breast; (3) sexual conduct with a minor under fifteen by way of digital penetration of Victim 1 at some time between September 2010 and March 2011; (4) molestation of a child by way of touching Victim 1 with his penis; (5) luring a minor for sexual exploitation by way of soliciting sex from Victim 1; and (6) luring a minor for sexual exploitation by way of soliciting sex from Victim 2.  (Doc. 13-1 at 17-18.)

Stat. § 13-3554. Accordingly, Petitioner's indictment was not multiplicitous, and his trial counsel (and PCR counsel) cannot be faulted with failing to raise that challenge. This ground therefore cannot support a substantial claim of ineffective assistance of trial counsel.[3]

### ii. *Misinformation Regarding Possible Sentences*

As to Petitioner's claim that trial counsel misinformed him of the possible sentence Petitioner would face if found guilty, this Court finds that Petitioner has failed to demonstrate that this claim is substantial.

It is true that a defendant must be accurately informed of the potential sentences he faces. *See, e.g.*, *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969) ("because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."); *see also United States v. Ruiz*, 536 U.S. 622, 629 (2002) ("[T]he Constitution insists, among other things, that the defendant enter a guilty plea [with] sufficient awareness of the relevant circumstances and likely consequences." (internal citations and alternations omitted)). It is also true that a defense attorney's failure to so accurately inform his client fails *Strickland*'s standard for effective assistance of counsel. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) ("counsel ha[s] a duty to supply criminal defendants with necessary and accurate information."); *see also id.* (". . . the gross mischaracterization of the likely outcome presented in this case, combined with the erroneous advice on the possible effects of going to trial, falls below the level of competence required of attorneys."). But, Plaintiff's claim is not just that his counsel improperly informed him of the possible sentences. Rather, Defendant links this claim to his previously discussed claim of a multiplicitous indictment:

> I was misinformed by the government and my defense lawyer about the threat I faced, *concerning the total range of sentences that could be imposed concerning all six (6) counts charged in the multiplicitous indictment* if I chose to go to trial, which coerced me to enter a plea of

---

[3] Further, because Petitioner's first ground for habeas relief is based upon the supposed multiplicitous indictment, (*see* Doc. 1 at 6), that ground will be dismissed.

> guilty, *that was not voluntarily nor intelligently made pursuant to the plea agreement, concerning only two (2) alleged victims, which the court used to convict me of one (1) count of molestation of a child and two (2) counts, of the same lesser included offense*, of luring a minor for sexual exploitation, even though you cannot commit molestation without also committing luring, and the court imposed 15 years [of] probation in addition to two (2) terms of imprisonment for 3.5 and 4 years.

(Doc. 1 at 8 (emphasis added).) Because Petitioner's claim of receiving misinformation regarding the potential sentences he could face is dependent upon the indictment being unlawfully multiplicitous, the claim cannot succeed. Accordingly, Petitioner has not demonstrated that his underlying claim of ineffective assistance of trial counsel is substantial.

### b. Claim that PCR Counsel Was Deficient According to Strickland v. Washington.

Petitioner alleges that his PCR counsel was ineffective because counsel informed Petitioner that there were no colorable claims that he could raise during a PCR proceeding. However, as discussed above, Petitioner has not presented any claim to this Court that is colorable and should have been presented during the PCR proceeding. PCR counsel cannot therefore be said to be constitutionally deficient for his advice to Petitioner. Petitioner has failed to demonstrate sufficient cause to excuse the default of his habeas Petition claims.[4]

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

---

[4] Because Petitioner has failed to demonstrate the necessary cause to excuse his procedural default, this Court does not address whether there was sufficient prejudice resulting from the defaulted claims.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 14) is **adopted in part** and **rejected in part**. The Report and Recommendation is rejected to the extent that it finds that Petitioner's claimed ineffective assistance of PCR counsel cannot serve as cause for the procedural default of his claims. The Report and Recommendation is otherwise adopted.

**IT IS FURTHER ORDERED** that Petitioner's Petition (Doc. 1) is **denied** and **dismissed**. The Clerk of Court is directed to enter judgment as necessary and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 25th day of August, 2016.

_____
Honorable Rosemary Marquez
United States District Judge